Case 1:25-cv-00280   Document 14   Filed 03/02/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MUHAMMAD ABUBAKAR ZIA, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 1:25-CV-280 |
| PAMELA JO BONDI, *et al.*, | § § § | |
| Respondents. | § | |

# **ORDER**

Petitioner Muhammad Abubakar Zia is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner also challenges Respondents' ability to detain him without revoking or otherwise setting aside the conditions of his previous release. Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment.

On February 6, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which foreclosed Petitioner's statutory arguments.

Petitioner contends that *Buenrostro* did not address whether his detention under Section 1225(b)(2)(A) without an opportunity to seek bond violates his Fifth Amendment due process rights.[1] (Response, Doc. 12) He also references the recent decision in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), noting that

---

[1] Petitioner also references the Suspension Clause in his Petitioner and statement to the Court. (Petition, Doc. 1, ¶ 2 (referencing the clause as a jurisdictional basis for his lawsuit); Response, Doc. 12, 3–4) But he does not explain how Respondents' conduct violates the Suspension Clause, especially as the Court is exercising judicial review of Petitioner's detention, but finds his argument without merit.

his lawsuit "implicates the continued enforceability of the *Maldonado* class judgment[.]" (Supp., Doc. 13, 2)

For the following reasons, the Court concludes that Petitioner's remaining claims lack merit.

## I.

Petitioner argues that his continued detention under Section 1225(b)(2)(A)–i.e., without an opportunity to seek an individualized bond hearing–violates his Fifth Amendment due process rights. (Response, Doc. 12).

Other courts have considered arguments substantively similar to those that Petitioner advances. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's decisions recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[2] For the reasons expressed in those decisions, the Court concludes that Petitioner's

---

[2] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

## II.

Petitioner characterizes the *Maldonado* ruling on February 18, 2026, and related judgment as "binding and subject to enforcement." (Supplement, Doc. 2) The Court, however, disagrees that the decisions in that matter provide a basis for relief to Petitioner in this Court.

First, the district court in *Maldonado* limited the reach of its judgment: "The Court cannot order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this judicial district." *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *30 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). To the extent that Petitioner argues that the February 2026 decision extended the reach of the relief that the case affords, he does not explain such an argument. And the Court finds, as other district courts have concluded, that the decision represents persuasive authority rather than binding precedent. *See e.g., Rodriguez Mendoza, et al., v. Raycraft, et al.*, No. 4:25CV2183, 2026 WL 507389, at *7 (N.D. Ohio Feb. 24, 2026).

## III.

For these reasons, the Court concludes that Petitioner is not entitled to relief. Accordingly, it is:

**ORDERED** that Petitioner Muhammad Abubakar Zia's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on March 2, 2026.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge